**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

ERIC R. HEINZE,                                                                      PLAINTIFF

V.                                                                                      NO. 4:07CV146-P-B

"UNKNOWN" LAKES, "UNKNOWN" WALKER,
WEXFORD HEALTH MEDICAL COMPANY,
DR. MAROM AND DR. LEHMAN,                                                             DEFENDANTS

**REPORT AND RECOMMENDATION**

On November 13, 2007, the *pro se* prisoner plaintiff, Eric R. Heinze, appeared before the

undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d

179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42

U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the

allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a

claim for which relief can be granted, or seeks monetary relief against a defendant who is immune

from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Complaint alleges plaintiff injured his right knee and ankle during gym call at the

Mississippi State Penitentiary on October 1, 2006. According to the Complaint, Defendant Lakes

waited until after gym call before he sought medical assistance for plaintiff. In addition to this,

Lakes eventually transported plaintiff to the prison medical unit without proper medical equipment

or authority from medical personnel. The Complaint further alleges that the next morning,

Defendant Walker forced plaintiff to walk to his follow-up visit at the hospital despite his

complaints that it was too painful. Plaintiff concedes, however, that Walker allowed another

prisoner to assist plaintiff during his walk to the hospital. The Complaint further alleges that once

at the hospital, Walker abandoned plaintiff, forcing him to seek help from other inmates to get

where he needed to go.

Lastly, the Complaint indicates plaintiff has sued Dr. Marom and Dr. Lehman because they failed to authorize his request for a special housing assignment based on the mobility issues that had been created by his having to be on crutches.

During the *Spears* hearing, Plaintiff testified that his injury occurred after only about twenty minutes into gym call which normally lasted an hour to an hour and a half. Plaintiff also stated that after he filed a grievance, he was eventually classified under medical class three with restrictions on the types of activities he could perform. Also during the hearing, Dr. Lehman presented plaintiff's medical file to the Court. Plaintiff's medical records indicate that he has been examined and treated on numerous occasions by facility doctors and an orthopedist and has had several MRI's and X-rays. Indeed, on the day following plaintiff's injury, Dr. Marom gave Plaintiff crutches and a knee mobilizer and wrote a profile for "lay-in with a tray" for three weeks. Plaintiff has received no recommendation for surgery or any other treatment beyond crutches and a knee brace.

In order for plaintiff to prevail on his Eighth Amendment claim for denial of adequate medical care, he must allege facts which demonstrate "deliberate indifference to . . . [a] serious medical need[] . . . [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an

alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim.").  Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

In this case, the Complaint fails to state a constitutional claim.  Plaintiff has been examined and treated by facility medical staff on numerous occasions, referred to an orthopedist, given pain medications and prescribed medical devices to treat his foot and knee injuries.  Neither plaintiff's Complaint nor his testimony taken at the *Spears* hearing alleges facts which establish that the named defendants were deliberately indifferent to plaintiff's medical needs.  Therefore, it is my recommendation that the Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 13th  day of November, 2007.


**/s/   Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**